Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:  (406) 551-6919
E-mail:     matthewmonforton@yahoo.com

Attorney for Plaintiff Brad Tschida

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| BRAD TSCHIDA, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN MOTL, in his official capacity as Montana's Commissioner of Political Practices, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF** |

**PRELIMINARY STATEMENT**

1. This action arises as a result of an executive branch official of Governor Steve Bullock's Administration threatening a sitting state representative with civil penalties and jail time for providing evidence to fellow legislators of corruption by Governor Bullock.

2. That representative, Plaintiff Brad Tschida, provided fellow legislators a copy of an ethics complaint he had filed in September as well as documentation showing that Governor Bullock is illegally relying upon a state-paid attorney to represent him in proceedings arising from the ethics complaint.

3. Rep. Tschida provided this information to fellow legislators as part of an effort by him and other legislators to convene a select committee to investigate corruption within the Bullock Administration.

4. Yesterday, while speaking to the press, the Commissioner of Political Practices, Defendant Jonathan Motl, publicly threatened to seek "severe penalties" against Rep. Tschida and also stated that Rep. Tschida was subject to criminal penalties.

5. Rep. Tschida's disclosure to fellow legislators of evidence of Governor Bullock's misconduct is protected by the First Amendment to the United States Constitution as well as the Speech and Debate Clause of Article V, § 8 of the Montana Constitution. In response to Defendant Motl's outrageous threats, however, Rep. Tschida has refrained from further communications with legislators concerning Governor Bullock's misconduct. Absent relief from this Court, Defendant Motl's unconstitutional threats will continue to prevent Rep. Tschida (and probably other legislators) from performing their legislative oversight duty to hold Governor Bullock accountable for his misuse of state resources.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1343, 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

7. Venue for this action properly lies in the Helena Division of the District of Montana because Defendant Motl is believed to reside within the Helena Division.

## PARTIES

8. Plaintiff Brad Tschida is, and at all times pertinent to this action has been, a resident of Missoula County in the State of Montana.

9. Defendant Jonathan Motl is the Commissioner of Political Practices for Montana. Plaintiff is informed, believes, and thereon alleges that Defendant Motl resides in Lewis & Clark County in the State of Montana.

## STATEMENT OF FACTS

10. Section 2-2-136, MCA, establishes a procedure by which persons who believe Montana officials have violated state ethics laws, such as accepting illegal gifts, may file a complaint.

11. Such complaints must be filed with Defendant Motl, the Commissioner of Political Practices. § 2-2-136, MCA.

12. Defendant Motl must set a contested hearing to determine the validity of the allegations in an ethics complaint unless he determines the complaint (1) is

frivolous, (2) fails to state a claim, or (3) presents a claim involving issues previously ruled upon by him. § 2-2-136(1)(b) & (c), MCA.

13. For whatever amount of time Defendant Motl chooses to delay a decision on a complaint, the complainant may not disclose the existence of the complaint or related documents. § 2-2-136(4), MCA.

14. Violations of the confidentiality provision of § 2-2-136, MCA, result in the imposition of penalties by Defendant Motl of $50 to $1,000. § 2-2-136(2)(a), MCA.

15. Additionally, Defendant Motl stated in a radio interview yesterday that a violation of the confidentiality provision in § 2-2-136(4), MCA, constitutes the crime of official misconduct.

16. Section 2-2-136, MCA, exempts from Defendant Motl's jurisdiction an ethics complaint "concerning a legislator if a legislative act is involved in the complaint."

17. Representative Brad Tschida is a member of the Montana House of Representatives.

18. He was elected in November 2014 to represent House District 97.

19. He is currently seeking re-election.

20. On or about September 19, 2016, Rep. Tschida filed an ethics complaint against Governor Steve Bullock and a member of his cabinet, Commerce Director Meg O'Leary.

21. The complaint arose from Governor Bullock's illegal use of a state-owned aircraft to fly him and Director O'Leary to Missoula in August 2014 for purposes of attending a concert performed by Paul McCartney.

22. Governor Bullock and Director O'Leary attended the concert at the invitation of University of Montana President Royce Engstrom and Mary Engstrom, who invited "you and a guest to join them in the President's Box to watch Sir Paul McCartney as he performs his 'Out There' concert."

23. The use of the state-owned aircraft by Governor Bullock and Director O'Leary, as well as their acceptance of seating in the President's Box to attend the concert, constituted illegal gifts under Montana law that neither Bullock nor O'Leary disclosed to the public.

24. After Rep. Tschida filed the ethics complaint, Defendant Jonathan Motl ordered him not to disclose the existence of the complaint.

25. On September 23, 2016, Andrew Huff, who serves as Legal Counsel to Governor Bullock and is a state-paid employee, appeared telephonically on behalf of Governor Bullock and requested an extension from Defendant Motl to respond to the complaint, which Defendant Motl granted.

26. Rep. Tschida was concerned about what appeared to be yet another misuse of state resources by Governor Bullock for personal purposes – the use of a state-paid attorney to represent Governor Bullock in an ethics proceeding.

27. Other Montana officials, in response to ethics complaints, have retained private counsel rather than illegally rely upon state-paid attorneys.

28. For example, Brad Molnar, a former commissioner for Montana's Public Service Commission, was named in a state ethics complaint in 2010.

29. Molnar did not attempt to defend himself with a state-paid attorney but instead retained private counsel at his own expense in order to respond to the ethics complaint.

30. In responding to another ethics complaint, former Governor Brian Schweitzer retained private counsel rather than attempt to use a state-paid attorney

31. On October 24, 2016, Senator Dee Brown and Senator Bob Keenan, both of whom are members of the Montana Senate, sent a letter to Rep. Tschida and other legislators in order to obtain their support for convening a select committee to investigate allegations by state employees of misuse of state funds by Gov. Bullock and his administration as well as retaliation against state employees for blowing the whistle on his corruption.

32. Their letter outlined numerous incidents of misuse of state resources by the Bullock Administration as well as reports of retaliation against state employees that the press had recently disclosed, including:

- Former internal agency auditors being discouraged from investigating fraudulent payments;

- Seven long-tenured auditors of the Department of Public Health and Human Services (DPHHS) being fired after raising red flags about agency activity;

- DPHHS auditors being bullied by state officials after speaking up about potentially fraudulent payments made to undocumented welfare recipients;

- Employees being stripped of responsibilities, isolated from colleagues and eventually being forced into retirement after refusing to perform fraudulent acts;

- Officials accusing competent employees of insubordination as a means of getting rid of those who blow the whistle;

- Auditors being discouraged or prevented from fully investigating questionable transactions, sometimes through bullying;

- Confidential settlement payments being made to former state employees since January of 2013 as well as allegations that some of the settlements were the result of wrongful termination complaints brought against the state.

33. Rep. Tschida responded on November 2, 2016, to the letter sent by Sens. Dee Brown and Bob Keenan with his own letter confirming his support for a select committee.

34. He included with that letter a copy of the ethics complaint as well as a letter from Defendant Motl to Mr. Huff, Governor Bullock's state-paid counsel,

informing Mr. Huff of Defendant Motl's granting of an extension of time to respond to the complaint.

35. Evidence of Governor Bullock's illegal use of a state attorney to defend himself against ethics charges is directly relevant to the select committee being proposed by Sens. Brown and Keenan.

36. Rep. Tschida would not have been able to disclose evidence of Governor Bullock's misconduct in the ethics proceeding without also disclosing the existence of the ethics proceeding itself.

37. Later on November 2, 2016, the *Great Falls Tribune* obtained a copy of Rep. Tschida's letter and published a story on it.

38. Rep. Tschida did not respond to requests by the *Tribune* for a statement.

39. Defendant Motl did, however, and informed the *Tribune* that he would seek a "severe penalty" against Rep. Tschida for informing legislators of the ethics complaint.

40. On November 3, 2016, Defendant Motl was interviewed on radio station KGVO in Missoula, Montana.[1]

41. During that interview, he stated the following with regard to Rep. Tschida:

---

[1] A recording of this interview can be accessed at <youtube.com/watch?v=cXXUIL49QSM>

| | | |
|---|---|---|
| Defendant Motl: | | There's, uh, the main consequence that befalls an official who, um, violates a mandatory duty is official misconduct. |
| Interviewer: | | And that would be a charge in civil court? |
| Defendant Motl: | | No, it's criminal court. |
| Interviewer: | | It's a criminal court charge? |
| Defendant Motl: | | Yes. |

42. On that same day, Defendant Motl told the *Helena Independent Record* that Rep. Tschida faced six months in jail for his communication with fellow legislators.[2]

43. In response to Defendant Motl's outrageous threats, Rep. Tschida has refrained from further communications with legislators concerning Governor Bullock's misconduct.

44. Absent relief from this Court, Defendant's Motl's unconstitutional threats will continue to prevent Rep. Tschida (and probably other legislators) from performing their legislative oversight duties with regard to Governor Bullock's misuse of state resources, particularly his misuse of a state-paid attorney to represent him in the ongoing ethics proceedings.

---

[2] See helenair.com/news/state-and-regional/lawmaker-reveals-confidential-complaint-against-bullock/article_0a33de61-94a1-5973-9541-0a963b47a978.html

# CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**The Confidentiality Provision in Section 2-2-136(4), MCA, Violates the Free Speech Clause of the First Amendment to the United States Constitution Both on Its Face and As Applied to Rep. Tschida**

45. All previous paragraphs are incorporated by reference.

46. The confidentiality provision of Section 2-2-136(4), MCA, is a content-based restriction on speech and subject to strict scrutiny, *Citizens United v. F.E.C.*, 558 U.S. 310, 340 (2010), particularly given that the speech at issue describes corruption by a governor and other high officials of the state. *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 606 (1976) (Brennan, J., concurring) ("Commentary on the fact that there is strong evidence implicating a government official in criminal activity goes to the very core of matters of public concern").

47. Defendant Motl has no compelling state interest in threatening legislators with criminal sanctions for investigating corruption against Governor Bullock and speaking to fellow legislators about evidence of such corruption.

48. Section 2-2-136, MCA, is not narrowly tailored.

49. Defendant Motl is violating Rep. Tschida's First Amendment right to free speech by threatening him with criminal sanctions for communicating with fellow legislators concerning an inherently legislative duty – the convening of a select committee.

50. Section 2-2-136, MCA, violates the Free Speech Clause of the First Amendment to the United States Constitution both on its face and as applied by Defendant Motl to Rep. Tschida.

## SECOND CLAIM FOR RELIEF

**The Confidentiality Provision in Section 2-2-136(4), MCA, Violates the Speech & Debate Clause of Article V, § 8 of the Montana Constitution As Applied to Speech Made By Legislators in a Legislative Capacity**

51. All previous paragraphs are incorporated by reference.

52. The Speech and Debate Clause of Article V, § 8 of the Montana Constitution protects the right of legislators to communicate with fellow legislators concerning matters that are inherently legislative in nature.

53. The Speech and Debate Clause "was designed to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch. It thus protects Members against prosecutions that directly impinge upon or threaten the legislative process." *Gravel v. United States*, 408 U.S. 606, 616 (1972).

54. The Speech and Debate Clause preempts statutory confidentiality provisions. See, *e.g., Gravel*, 408 U.S. at 616 (Speech and Debate Clause immunized senator's disclosure in Senate sub-committee of classified documents

11

that exposed government's false statements to the public about the Vietnam conflict).

55. The Speech and Debate Clause applies not only to speeches made by members during floor debates and committee hearings, but also to written correspondence between members concerning matters that are inherently legislative in nature. See, *e.g., Ray v. Proxmire*, 581 F.2d 998, 1000 (D.C. Cir. 1978).

56. Rep. Tschida's communication to his fellow legislators concerning Governor Bullock's misuse of state resources and the need to convene a select committee to investigate that misuse was inherently legislative in nature.

57. Rep. Tschida's communication is therefore protected by the Speech and Debate Clause.

58. Defendant Motl's threats of civil penalties and jail time in response to Rep. Tschida sending a letter to fellow legislators regarding a select committee to investigate Governor Bullock's misuse of state resources is a blatant violation of the Speech and Debate Clause.

## **PRAYER FOR RELIEF**

WHEREFORE, Rep. Brad Tschida respectfully requests the following relief from this Court:

a) A declaration that the confidentiality provision in § 2-2-136(4), MCA is unconstitutional on its face and as applied to Rep. Tschida;

b) An injunction prohibiting Defendant Motl from enforcing the confidentiality provision in § 2-2-136(4), MCA;

c) An award of nominal damages against Defendant Motl;

d) An award to Rep. Tschida of costs of litigation, including reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988; and

e) Any other relief to which Rep. Tschida may be entitled, or as this Court deems necessary and proper.


DATED: November 4, 2016			Respectfully submitted,

/s/ Matthew G. Monforton
Matthew G. Monforton
Attorney for Plaintiff