# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BRAD TSCHIDA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MOTL,<br><br>Defendant. | CV-16-102-H-BMM<br><br><br><br>**ORDER** |

Plaintiff Tschida moves for partial summary judgment seeking a ruling from the Court that the confidentiality requirement of Mont. Code Ann. § 2-2-136(4) violates the First Amendment on its face. (Docs. 18; 19 at 5.) Defendant Motl moves for partial summary judgment that the rule is facially constitutional. (Doc. 30.)

## I.  BACKGROUND

Tschida serves as an elected member of the Montana House of Representatives from Missoula. (Doc. 15 at 5.) In September 2016, Tschida filed a complaint with Commissioner of Political Practices Jonathan Motl alleging ethics violations against Montana Governor Steve Bullock and Commerce Director Meg

1

O'Leary. *Id.* at 7. Tschida alleges that Motl "ordered him not to disclose the existence of the complaint" under the confidentiality provision of Mont. Code Ann. § 2-2-136(4). (Doc. 15 at 7.)

The confidentiality language provides that a complaint, and records obtained or prepared by the commissioner in connection with an investigation or complaint, constitute confidential documents typically not open for public inspection. Mont. Code Ann. § 2-2-136(4). More specifically, the statute provides that "[t]he complainant and the person who is the subject of the complaint shall maintain the confidentiality of the complaint and any related documents released to the parties by the commissioner until the commissioner issues a decision." *Id.* The subject of a complaint may waive, in writing, however, the right of confidentiality. *Id.* The commissioner must open the complaint and any related documents for public inspection upon the filing of a waiver. *Id.*

Motl did not act on Tschida's complaint in September or October. (Doc. 15 at 3.) Tschida disclosed his ethics complaint to fellow legislators on November 2, 2016, in response to a letter seeking support for an investigation into alleged misuse of state resources by the Bullock Administration. *Id.* at 8-9. On November 3, 2016, Motl commented during a radio interview that Tschida had violated the statute and could be subject to civil and criminal penalties. *Id.* at 9-10.

The parties' cross motions for summary judgment apply to Tschida's first claim in his Amended Complaint alleging that the confidentiality provision in Mont. Code Ann. § 2-2-136(4) violates the free speech clause of the First Amendment to the United States Constitution. (Doc. 15 at 12-13.) He seeks a ruling on summary judgment that the statute violates the First Amendment on its face. Tschida asserts an as-applied challenge to the statute which is not the subject of this motion. He also seeks to enjoin Motl from enforcing the confidentiality provision, and an award of damages and costs of litigation. *Id.* at 18-19.

## II. LEGAL STANDARDS

A party may move for summary judgment on all claims or defenses, or a part of a claim or defense. Fed. R. Civ. P. 56(a). A court should grant summary judgment where the movant demonstrates that no genuine dispute exists "as to any material fact" and the movant should be "entitled to judgment as a matter of law." *Id.* This Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Strict scrutiny applies to laws that prohibit political speech. *Jacobs v. Clark County School Dist.*, 526 F.3d 419, 433 (9th Cir. 2008). Strict scrutiny "requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest." *Citizens United v. Federal Election*

*Comm'n*, 558 U.S. 310, 312. Narrow tailoring requires that "if a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative." *United States v. Playboy Entertainment Group, Inc.,* 529 U.S. 803, 813 (2000). The burden falls on the State to "prove that the proposed alternatives will not be as effective as the challenged statute." *Ashcroft v. ACLU*, 542 U.S. 656, 665 (2004).

A facial challenge to a statute, by contrast, represents the most difficult challenge to mount successfully. The challenger "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). This order addresses only the facial challenge to the confidentiality provision.

### III.   DISCUSSION

Material issues of fact exist in this case that preclude judgment as a matter of law at this time. Fed. R. Civ. P. 56(a). The parties dispute a number of facts. (Docs. 33; 38.) Tschida disputes two key statements from Motl's statement of undisputed facts. (Doc. 33.) Tschida requests time for discovery to resolve the dispute over these two statements. (Doc. 38 at 3-4.) The Court determines that resolution of these facts likely would be relevant and material to the resolution of the facial constitutionality of Mont. Code Ann. § 2-2-136(4).

Tschida first disputes the following statement in Motl's statement of undisputed facts: "Montana's Code of Ethics applies to employees as well as elected officials. Specifically, as of Jan [sic] 13, 2017, there were 14,283 non-elected employees working for Montana and only 231 elected officials." (Doc. 38 at 3, citing Doc. 29.) Tschida fails to specify whether he disputes Mot's claims as to the number of people to which the Code of Ethics applies, or whether he disputes Motl's claim that the Code of Ethics applies to non-elected state employees. The parties can clarify the scope of the dispute through the discovery process.

Tschida next disputes Motl's assertion that "[most] ethics complaints are dismissed within a few days. The few times the initial determination took longer is a result of the number of respondents or the need for additional information." (Doc. 38 at 4, citing Doc. 28, ¶¶ 6-7.) Tschida once again fails to specify whether he takes issue with Motl's claim about the fate of most complaints, or whether he disputes Motl's explanation for the longer processing times. The parties may narrow these disputes through the discovery process.

## IV. CONCLUSION AND ORDER

Genuine issues of material fact remain. Accordingly, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment (Doc. 30) is DENIED.

The Court will schedule a pretrial conference to set a scheduling order in this case. If the parties believe that the Court can, and should, rule on the filings to date, rather than undertaking discovery, then the parties should file an amended joint statement of undisputed facts.

DATED this 18th day of April, 2017.

_____
Brian Morris
United States District Court Judge