# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BRAD TSCHIDA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF MANGAN, in his official capacity as the Commissioner of Political Practices, and JONATHAN MOTL, in his personal capacity,<br><br>Defendants. | CV-16-102-H-BMM<br><br><br><br>**Order** |

## INTRODUCTION

Plaintiff Brad Tschida ("Tschida") moves the Court to modify the injunction it issued on December 18, 2017. (Doc. 94.) Tschida requests that the Court modify its injunction to prevent the State from enforcing the confidentiality requirement with regard to ethics complaints filed against state officials appointed by the Governor. (Doc. 94.) The Defendants oppose the motion. (Doc. 94.) Defendant Jeff Mangan currently serves as Montana's Commissioner on Political Practices. (Doc. 67 at 1.) Mangan's predecessor, Jonathan Motl, served as Commissioner from June

1

10, 2013 to May 14, 2017. (Doc. 65 at 1.) The Court will refer collectively to the two officials as "Commissioner" for purposes of brevity.

## BACKGROUND

The Court will recite the history of this case only as relevant to explain its reasoning.

Tschida serves as an elected member of the Montana House of Representatives from Missoula. (Doc. 15 at 5.) Tschida filed an ethics complaint with the Commissioner on September 19, 2016. (Doc. 15-9 at 1.) Tschida filed an amended ethics complaint on September 21, 2016. (Doc.15-9 at 2.) The original and amended ethics complaints alleged violations of the Montana Code of Ethics by Governor Steve Bullock and Meg O'Leary, the Director of the Montana Department of Commerce. (Doc. 15-9 at 1.)

Tschida disclosed his amended ethics complaint on November 2, 2016, in an email sent to members of the Montana House of Representatives. (Doc. 15-4 at 1.) Tschida attached to his amended ethics complaint a cover letter to the House members that accused the Commissioner of purposely delaying a decision. (Doc. 15-4 at 1.) Tschida had filed his amended ethics complaint six weeks before his disclosure. (Doc. 15-4 at 2.) The general election took place November 8, 2016. (Doc. 65 at 2.)

The parties filed cross-motions for summary judgment. (Docs. 66 & 69.) The Court conducted a hearing on December 8, 2017. (Doc. 84.) Tschida alleged that the confidentiality requirement of Montana Code Annotated § 2-2-136(4), violated the First Amendment. (Doc. 71 at 6.) The Court's December 18, 2017 order found the confidentiality provision of Montana Code Annotated § 2-2-136(4), to violate the First Amendment as applied to elected officials, including the Governor. (Doc. 86.) The Court determined the confidentiality provision survived intermediate scrutiny, however, as applied to complaints filed against state employees. (Doc. 86.) The Court permanently enjoined enforcement of the confidentiality provision contained within Montana Code Annotated § 2-2-136(4), as applied to ethics complaints filed against the Governor and other elected officials in the State of Montana. (Doc. 86.)

Tschida appealed the Court's decision to the United States Court of Appeals for the Ninth Circuit on February 14, 2018. (Doc. 90.) Pursuant to Fed. R. Civ. P. 62(c), Tschida requests that the Court modify its injunction to prevent the State from enforcing the confidentiality provision with regard to ethics complaints filed against state officials appointed by Governor Bullock. (Doc. 95.) Tschida cites the unlikelihood of a final ruling from the Ninth Circuit this year as the reason for a modification to the injunction. (Doc. 94.) Tschida intends to file additional ethics complaints against other state officials appointed by Governor Bullock. (Docs. 94

& 95-1.) Tschida intends to disclose publicly the complaints upon filing them. (Docs. 94 & 95-1.) Tschida contends he will not publicly disclose the complaints so long as there exists a credible threat of civil or criminal prosecution by the State. (Doc. 95-1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) provides that a court may "suspend, modify, restore, or grant an injunction" when "an appeal is pending from an interlocutory or final judgment" which "denies an injunction." A court must apply the same standard to a request for an injunction pending appeal that it applies when considering a motion for a preliminary injunction. *Alliance for the Wild Rockies v. Kruger*, 35 F. Supp. 3d 1259, 1263 (D. Mont. 2014) (citation omitted).

An injunction represents an extraordinary remedy that a court should never award as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking injunctive relief must show: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citation omitted). The Court "need not consider" the latter three elements where the moving party has filed to demonstrate likelihood of success on the merits. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Where a party fails to demonstrate likelihood of success on the merits, a preliminary injunction may yet be appropriate where: (1) a plaintiff raises "serious questions going to the merits;" (2) "the balance of hardships tips sharply in the plaintiff's favor;" and (3) plaintiffs "satisfy the other *Winter* factors." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citations omitted).

**DISCUSSION**

Section 2-2-136, details the procedure for enforcement of the Code of Ethics. Mont. Code Ann. § 2-2-136. The Code of Ethics applies to Montana legislators, officers and employees of state government, and certain officers and employees of local government. *See also* Mont. Code. Ann. § 2-2-101. A complainant may file a formal complaint alleging violation of the ethics code with the Commissioner. Mont. Code Ann. § 2-2-136(1). The Montana Legislature has classified ethics complaints as "confidential documents." Mont. Code Ann. § 2-2-136(4) (2001).

The confidentiality provision provides that a complaint, and records obtained or prepared by the Commissioner in connection with an investigation or complaint, constitute confidential documents typically not open for public inspection. Mont. Code Ann. § 2-2-136(4). More specifically, the statute provides that "[t]he complainant and the person who is the subject of the complaint shall

5

maintain the confidentiality of the complaint and any related documents released to the parties by the commissioner until the commissioner issues a decision." *Id.*

Tschida contends that the Court erred in applying intermediate scrutiny to the confidentiality provision for complaints involving non-elected officials. (Doc. 95 at 13.) Tschida argues that "content-neutrality is an all-or-nothing proposition – it either exists or it doesn't." (Doc. 95 at 13.) Tschida asserts that the confidentiality provision is "therefore subject to strict scrutiny regardless of who is named as a respondent in an ethics complaint." (Doc. 95 at 13.) The Commissioner argues that Tschida's failure to demonstrate a likelihood of success on the merits defeats its motion for a modification to the injunction pending appeal. (Doc. 100 at 2.)

## I. Tschida's Motion for Injunction Pending Appeal Constitutes a Motion for Reconsideration

Tschida concedes that the reasoning upon which he relies in support of this motion largely mirrors the reasoning contained in his summary judgment papers. (Doc. 101 at 1-2.) Tschida repeats his arguments "because they are correct, while the State's reasoning (as well as the reasoning in the Court's prior order upon which the State relies) is hopelessly flawed." (Doc. 101 at 2.) Tschida fails to set forth any facts indicating a change in circumstances since the Amended Order

issued on December 18, 2017. Tschida fails to set forth any new law indicating an error by the Court.

Tschida's reliance upon reasoning that already has failed to prevail means that Tschida asks this Court, in effect, to reconsider its ruling to omit non-elected state employees from the injunction. Tschida fails to offer a new argument, however, persuading the Court to apply strict scrutiny to the confidentiality provision when it implicates non-elected employees. The Court declines to reconsider its ruling given Tschida's pending appeal and the lack of a change in circumstances. Tschida has failed to demonstrate likelihood of success on the merits, or to raise serious questions going to the merits.

## II. The Balance of Equities Does Not Favor an Injunction Pending Appeal

Tschida's failure to show likelihood of success on the merits relieves the Court of the need to proceed further with the *Winter* analysis. *Garcia*, 786 F.3d at 740. The Court will discuss briefly Tschida's balance of equities argument for the sake of completeness. Tschida's motion for modification to the injunction pending appeal would fail even if Tschida had established a likelihood of success on the merits.

### A. Irreparable Harm

Issuing a preliminary injunction based only on a possibility of irreparable harm conflicts with the Supreme Court's characterization of injunctive relief as an

extraordinary remedy. *Winter*, 555 U.S. at 22 (citation omitted). To satisfy the "irreparable harm" prong of *Winter*, Tschida must show that irreparable harm is not just possible, but likely to occur. *Cottrell*, 632 F.3d at 1131 (citing *Winter*, 55 U.S. at 22).

Tschida asserts that the confidentiality provision violates his rights under the First Amendment. (Doc. 95 at 21.) Tschida further asserts that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (Doc. 95 at 21.) (quoting *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976)). Tschida asserts that "such harm is particularly irreparable where, as here, a plaintiff seeks to engage in political speech, as timing is of the essence in politics and delay of even a day or two may be intolerable." (Doc. 95 at 21) (quoting *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1128 (9th Cir. 2011)). Finally, Tschida asserts that this deprivation of his rights will continue until this Court grants relief – relief that cannot be achieved with monetary damages. (Doc. 95 at 21.)

In response, the Commissioner argues that Tschida's own actions, and inactions, demonstrate that no need exists for modification to the injunction. (Doc. 100 at 6.) The Commissioner asserts that Tschida "could have filed his ethics complaint months ago, received an initial decision from the Commissioner, and been free to publicize the complaint." (Doc. 100 at 6.) The Commissioner

highlights Tschida's statement that one of the ethics complaints that he intends to file is based upon information that he learned from discovery conducted in this matter. (Doc. 100 at 6.) The Commissioner asserts that discovery ended on August 25, 2017, in support of this argument. (Doc. 100 at 6.)

Further, the Commissioner asserts that Montana Code Annotated § 2-2-136(5), allows for complainants like Tschida to inquire about the "status of the case" if the complainant is concerned about the review time. (Doc. 100 at 7.) The Commissioner concedes that if the answer to this inquiry were insufficient, then a complainant may have a new issue to raise with this Court. (Doc. 100 at 7.)

The Court agrees with the Commissioner that, at this time, Tschida's concerns are based on unfounded speculation insufficient to show harm. Tschida has had ample time to file complaints using information obtained during discovery. Further, as addressed in this Court's original order, nothing prohibits Tschida from speaking separately about the allegations of misconduct contained in his complaints against unelected employees. (Doc. 86 at 22.) The confidentiality provision merely prohibits Tschida from discussing his decision to memorialize allegations in an ethics complaint to the Commissioner. (Doc. 86 at 22-23.) Tschida has failed to demonstrate a likelihood of irreparable harm to justify an injunction pending appeal.

    **B.**     **Balance of Equities and Public Interest**

9

Tschida argues that the balance of equities tips sharply in his favor, and the public interest favors modifying the injunction. (Doc. 95 at 21-22.) Tschida asserts that "the fact that a case raises serious First Amendment questions compels a finding that the balance of hardships tips sharply in the plaintiffs' favor." (Doc. 95 at 21-22.) (quoting *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002)). Tschida contends "First Amendment rights are ones that, if protected, will unquestionably advance the public interest." (Doc. 95 at 22.) (citing *Thalheimer*, 645 F.3d at 1129).

As discussed above, Tschida has failed to demonstrate likelihood of success on the merits, raise serious questions going to the merits, or demonstrate a likelihood of irreparable harm. In order to secure an injunction, a plaintiff must satisfy all four *Winter* prongs. *Cottrell*, 632 F.3d at 1135. Thus, even if Tschida could demonstrate that the balance of equities and public interest "tips sharply" in his favor, that showing alone would prove insufficient to secure an injunction pending appeal.

Tschida has not demonstrated, however, that the balance of equities and public interest "tip sharply" in his favor. Tschida possesses ample avenues to get out his message and remains free to publicize the facts or allegations underlying his complaints against non-elected employees. (Doc. 86 at 22.) The "extraordinary remedy" of a modification to the injunction is not warranted.

## CONCLUSION AND ORDER

Tschida's reliance on his previous arguments fails to demonstrate a likelihood of success on the merits, or raise serious questions going to the merits, warranting a modification to the injunction pending appeal. Even if Tschida's claim sufficiently met the first prong of the *Winter* test, Tschida has failed to demonstrate a likelihood of irreparable harm to himself, or that the balance of equities and the public interest favor a modification to the injunction pending appeal.

Accordingly, for the reasons set forth above, Tschida's Motion to Modify Injunction Pending Appeal (Doc. 94) is **DENIED**.

DATED this 1st day of August, 2018.

/s/ Brian Morris

Brian Morris
United States District Court Judge